**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES**

Case No. 15-2128

Daniel Ericksen,
    Plaintiff-Appellant
v.
John Doe, I; Roberta Fiery-Repic; John Doe, II; Bridget Hillard; Joseph Vittorini; Andrew Beaudry,
    Defendants-Appellees.

*Is this case a cross-appeal?* No

*Has this case or a related one been before this court previously?* No

*Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:*

The named defendants are Roberta Fiery-Repic, Bridget Hillard, Joseph Vittorini, and Andrew Beaudry. This appeal is taken against all defendants.

<u>Allegations in Complaint</u>

This is a *Bivens* action. Defendants are CBP officers stationed at the Blue Water Bridge, which connects Port Huron, Michigan, to Point Edward, Ontario. Dozens of motorists on Michigan's I-94 inadvertently arrive each day at the bridge after missing their intended exit. These motorists are permitted by CBP to turn around, but they are routinely detained, and their vehicles subjected to search, without any suspicion of wrongdoing. Plaintiff arrived at the bridge by accident on June 22, 2012, and, like all "turnaround" motorists, was obliged by the toll-booth officer

(John Doe, I) to stop at an inspection booth after turning his vehicle around. Fiery-Repic, the inspection-booth officer, ordered Plaintiff to report to a station house in the secondary inspection area, where he was detained by John Doe, II, while Hillard and Vittorini searched his vehicle. Vittorini subsequently arrested Plaintiff after claiming to have found drug paraphernalia and a small amount of marijuana in the car's trunk. It was not until this alleged discovery that Plaintiff was suspected of wrongdoing. Upon being advised that Plaintiff wouldn't be federally charged, Vittorini contacted the Port Huron Police Department, which dispatched an officer to take Plaintiff into custody. The City of Port Huron charged Plaintiff with two misdemeanor criminal offenses. Beaudry, an immediate supervisor of the other defendants, approved or acquiesced in Vittorini's actions, as well as implementation of the "TCP" – i.e., the Turnaround-Checkpoint Program wherein non-border-crossing motorists/vehicles at the Blue Water Bridge are systematically detained and searched without suspicion. In addition, Beaudry failed to provide training which would have put an end to the TCP.

## Dismissal

Eastern District of Michigan Judge George Caram Steeh granted Defendants' motion for dismissal under FRCP 12(b)(6). His decision is based on 2 related propositions. The first concerns the general rule that probable cause is required to search a vehicle. The so-called "border-search exception" to that rule, according to

Judge Steeh, extends to turnaround vehicles. Because such vehicles have neither crossed nor are about to cross an international border, Plaintiff disputes that contention.

The second proposition is that the TCP is immune from judicial scrutiny regarding the constitutionality of its primary purpose because the search of a turnaround vehicle is a "border search." Plaintiff contends that the search of such vehicles is *not* a border search, and that the TCP is therefore subject to primary-purpose scrutiny.

The district court ruled in the alternative that the TCP has a legitimate objective – that being the promotion of operational efficiency. Plaintiff will argue that in the context of a Rule 12(b)(6) motion, the court should have assumed the truth of Plaintiff's alternative allegations with respect to the TCP's programmatic purpose: (1) verification of the turnaround motorist's right to be in the U.S.; or (2) general criminal-law enforcement. The latter is never a constitutionally permissible checkpoint purpose and, given the facts of this case, citizenship verification is also an unconstitutional objective.

Plaintiff will dispute Judge Steeh's findings that (1) it is reasonable under the Fourth Amendment to subject non-border-crossing vehicles in Michigan to a suspicionless canine search for marijuana; and (2) CBP is authorized by statute to

search non-border-crossing vehicles absent suspicion of wrongdoing. Plaintiff also asserts that CBP lacks authority to detain non-border-crossing persons who aren't suspected of wrongdoing, or who are suspected only of committing a non-federal, non-felony offense. The district court did not address Plaintiff's arguments with respect to CBP's detention authority; Plaintiff will ask that the Court do so on appeal. Because he wasn't lawfully detained during the vehicle search, Plaintiff will argue that that search was unconstitutional regardless of the TCP's constitutionality, and regardless of whether the search was otherwise valid.

Other issues which the district court did not address are Plaintiff's contention that: (1) Vittorini could not constitutionally search and arrest Plaintiff on the basis of evidence that he obtained unlawfully; and (2) the lack of statutory authority to seize/search Plaintiff or his car renders the action unconstitutional. Plaintiff will ask that the Court of Appeals consider these arguments as well.

Liability can't be imposed in a *Bivens* lawsuit for conduct which could reasonably be viewed as constitutional. Judge Steeh held that all the actions challenged here meet this criterion. Plaintiff will argue on appeal that this holding was erroneous, and that none of the defendants is entitled to qualified immunity.

Protective Order

In the related state-court criminal case, Plaintiff pleaded guilty to a misdemeanor charge of possessing controlled-substance paraphernalia, and the court ordered the proceedings closed to public inspection pursuant to legislation designed to allow eligible youths to avoid the potential adverse consequences of a criminal record. Plaintiff, who was 19 on the date of the bridge encounter, filed a motion in federal district court asking that this case likewise be sealed, with the exception of documents that are edited so as not to disclose his identity. Judge Steeh denied the motion. Plaintiff will argue on appeal that in doing so, the lower court abused its discretion.

## Certificate of Service

This is to certify that on October 6, 2015, I electronically filed this document with the Clerk's office using the ECF system. That system will send notice of the filing and a hyperlink to the document to Defendants' attorney(s) of record in this appeal.

October 6, 2015                                   [s] _____

Michael Ericksen (Michigan Bar, P40385)
8376 Huntington Road
Huntington Woods, MI  48070
248-217-9705
mlericksen@yahoo.com
Attorney for Plaintiff-Appellant