No. 15-2128

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                                    FILED
                                                 Mar 23, 2016
DANIEL ERICKSEN,                  )           DEBORAH S. HUNT, Clerk
                                  )
     Plaintiff-Appellant,         )
                                  )
v.                                )        O R D E R
                                  )
JOHN DOE I, et al.,               )
                                  )
     Defendants-Appellees.        )
                                  )
```

Before: BOGGS and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

Plaintiff Daniel Ericksen appeals the dismissal of his *Bivens* civil-rights action challenging the search of his vehicle and his arrest at a border crossing between the United States and Canada. Ericksen also appeals the denial of his motion for a protective order to seal the case below or to redact all references to his name from all filed documents. Ericksen now moves for a similar protective order in this court. The defendants oppose the motion, and Ericksen replies in support.

Generally, a civil action must be prosecuted in the name of all of the parties. *See* Fed. R. Civ. P. 10(a). In deciding whether Ericksen should be permitted to proceed on appeal pseudonymously or prevent third-party access to the appellate docket, we consider (1) whether he is challenging governmental activity; (2) whether prosecution of the appeal will compel him "to disclose information 'of the utmost intimacy'"; (3) whether he risks criminal prosecution by

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

disclosing an intention to violate the law; and (4) whether he is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Ericksen maintains that his identity should remain private because his action discloses his status as a youthful trainee under Michigan's Holmes Youthful Trainee Act ("HYTA"). His status of a youthful trainee "is not a conviction for a crime" and such an individual "shall not suffer a civil disability or loss of right or privilege[.]" Mich. Comp. Laws § 762.14(2). Generally, proceedings under the HYTA "shall be closed to public inspection," but they remain open to state courts, departments of corrections, the family independence agency, law enforcement personnel, and state prosecutors. *Id.* § 762.14(4).

Consideration of the factors set forth in *Porter* does not support the issuance of a protective order. By initiating the case below, Ericksen made public the events that occurred at the time of his arrest. He has not been compelled to disclose information of the utmost intimacy, and he is not at risk of future criminal prosecution. In addition, Erickson was not a minor at the time of the offense. Ericksen has not demonstrated at this time that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560.

The motion for a protective order is **DENIED**, without prejudice to reconsideration, if appropriate, by the panel assigned to hear the appeal on the merits.

                           ENTERED BY ORDER OF THE COURT

                           Deborah S. Hunt, Clerk